**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSHUA L. REINHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:18-cv-01449 |
| v. | ) | |
| | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY | ) | |
| 245 Murray Lane | ) | |
| Washington, DC 20528-0075, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Joshua L. Reinhard brings this action against the Department of Homeland

Security (DHS) to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)
and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

## PARTIES

3. Plaintiff Joshua L. Reinhard is a former servicemember in the United States Coast

Guard.

4. Defendant DHS is an agency of the United States Government and is

headquartered at 245 Murray Lane, Washington, DC 20528-0075. As the head agency for the

Coast Guard, Defendant has possession, custody, and control of records to which Plaintiff seeks

access.

## STATEMENT OF FACTS

5.      On September 16, 2016, after nearly 20 years of honorable service, Plaintiff was involuntarily discharged from the Coast Guard. Plaintiff is in the process of appealing this discharge which he believes to be erroneous. Plaintiff faces a three year statute of limitations for appealing his erroneous discharge with the Board for Correction of Military Records of the Coast Guard (10 U.S.C. § 1552) and a six year statute of limitations if appealed directly to the Court of Federal Claims ( 28 U.S.C. § 2501).

### First FIOA Request

6.      On April 19, 2017, Plaintiff submitted a FOIA request (hereinafter "First FIOA Request") to Defendant seeking access to all records regarding the administrative separation. Specifically, Plaintiff "respectfully request[ed] . . . all communication and correspondence, both unofficial and official, physical and electronic, amongst the command regarding his administrative separation."

7.      Plaintiff never received a FOIA number, but on July 27, 2017, Lieutenant Trevor Varian, on behalf of Defendant, acknowledged receipt of First FOIA Request by requesting that Plaintiff provide names of those in Plaintiff's command.

8.      Pursuant to 5 U.S.C § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

9.      Defendant's determination regarding Plaintiff's First FOIA request was due by May 9, 2017 at the latest.

10.     As of the date of this complaint, over one year after submission of Plaintiff's First FOIA request, Plaintiff has yet to receive the requested records from Defendant.

11.     As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the FOIA request; (ii) notify Plaintiff of such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (ix) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

12.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

Second FIOA Request

13.     On August 4, 2017, Plaintiff submitted a second FOIA request (hereinafter "Second FOIA Request") to Defendant, specifically requesting, "the command climate survey conducted in or about January 2016 at Eighth Coast Guard District, New Orleans, Louisiana and into the climate under Captain Rush."[1]

14.     On August 7, 2017, Defendant acknowledged receipt of Second FOIA Request and assigned the request FOIA Number 2017-CCFO-02905.

15.     On November 6, 2017, Defendant, through Lieutenant Kay Fallon, informed Plaintiff the request produced in excess of 1,000 responsive documents, and that production was anticipated on November 17, 2017. Plaintiff has attempted to contact Lieutenant Fallon an additional seven times since that date, with not response.

---

[1] The request specified an investigation into the command climate under Captain Rush, but to Plaintiff's best belief, knowledge, and understanding, it was an investigation convened by Captain Rush.

3

16.     Pursuant to 5 U.S.C § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

17.     Defendant's determination regarding Plaintiff's FOIA request was due by August 27, 2017 at the latest.

18.     As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with Second FOIA Request; (ii) notify Plaintiff of such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (ix) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

19.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1 – FIRST FOIA REQUEST
### (Violation of FOIA, 5 U.S.C. § 552)

20.     Plaintiff incorporates paragraphs 5 – 12 as if fully stated herein.

21.     Defendant is unlawfully withholding records as requested by Plaintiff pursuant to 5 U.S.C. § 552.

22.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's First FIOA request, records which are necessary for Plaintiff's appeal that is subject to the impending statutes of limitation; Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law

## COUNT II – SECOND FOIA REQUEST
### (Violation of FOIA, 5 U.S.C. § 552)

23.     Plaintiff incorporates paragraphs 5, 13 – 19 as if fully stated herein.

24.     Defendant is unlawfully withholding records as requested by Plaintiff pursuant to 5 U.S.C. § 552.

25.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's Second FIOA request, records which are necessary for Plaintiff's appeal that is subject to the impending statutes of limitation; Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's First FOIA Request and Plaintiff's Second FIOA Request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 19, 2018

Respectfully submitted,

_____
Eric S. Montalvo, DC Bar No. 993206
THE FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
Facsimile: 888-899-6053
emontalvo@fedpractice.com
anorris@fedpractice.com

*Counsel for Plaintiff*